

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

Nemours Building
1007 N. Orange Street, Suite 700           (302) 573-6277
P.O. Box 2046                              FAX (302) 573-6220
Wilmington, Delaware 19899-2046

June 28, 2006

**VIA ELECTRONIC FILING**

The Honorable Gregory M. Sleet
United States District Judge
District of Delaware
U.S. Courthouse
844 King Street
Wilmington, DE 19801

    Re:   **United States v. JoAnn T. Davis**
           **Criminal Action No. 06-24-GMS**

Dear Judge Sleet:

    As the parties discussed at today's scheduling conference in the above-referenced matter, the defendant has agreed to change her plea pursuant to the enclosed, unexecuted, Memorandum of Plea Agreement, Information and Waiver of Indictment. The Court has scheduled a Change of Plea Hearing in this matter for Tuesday, July 25, 2006 at 9:30 a.m. An original, executed copy of the enclosed documents will be submitted at the Change of Plea Hearing.

                                               Yours very truly,

                                               COLM F. CONNOLLY
                                               United States Attorney


                                     BY: *Christopher J. Burke* (signature)
                                               Christopher J. Burke
                                             Assistant United States Attorney

Enclosures

cc:   Eleni Kousoulis, Esquire
       The Clerk of the Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Criminal Action No. 06-24-GMS |
| | ) | |
| JOANN T. DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Christopher J. Burke, Assistant United States Attorney, and the defendant, JoAnn T. Davis, by and through her attorney, Eleni Kousoulis, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant agrees to plead guilty to Count One of an Information, which charges the defendant with theft of bank funds, in violation of Title 18, United States Code, Section 2113(b). The defendant agrees to waive indictment by a Grand Jury with respect to the offense charged in Count One of the Information. Count One carries a maximum sentence of a term of imprisonment of 10 years, a $250,000 fine, or both, three years supervised release, and a $100 special assessment.

2. The essential elements of the offense charged in Count One of the Information, each of which the Government would have to prove beyond a reasonable doubt at trial, are: (i) the defendant took and carried away money exceeding $1,000, in this case money that belonged to WSFS Bank and to C.M., a customer of WSFS Bank; (ii) the money taken by the defendant

belonged to and was in the care, custody and control of a bank, in this case, WSFS Bank; (iii) the Defendant acted with the intent to steal and purloin the money, and (iv) the deposits of WSFS Bank were then insured by the Federal Deposit Insurance Corporation.

3. The United States agrees to dismiss the Indictment in this case.

4. The defendant knowingly, voluntarily, and intelligently admits that in the time period from January 2001 through December 2002, in the State of Delaware, she knowingly transferred funds from WSFS Bank general ledger accounts, by falsely indicating that the funds were to reimburse customers for insufficient funds charges and other bank charges. The defendant admits that she transferred these funds to the WSFS bank accounts of friends and relatives and then either left these funds in the friends and relatives' accounts or subsequently transferred the funds into her own WSFS Bank accounts for her own personal use. She admits that the total amount stolen pursuant to this scheme was $24,559.50. In addition, the Defendant knowingly, voluntarily, and intelligently admits that in October 2001 and December 2001, in the State of Delaware, she knowingly removed funds from the CD accounts of C.M., a WSFS bank customer, and then transferred those funds into her own WSFS Bank accounts for her own personal use. She admits that the total amount stolen pursuant to this scheme was $9,537.62. The defendant does not contest that the deposits of WSFS Bank were insured by the FDIC during the time periods discussed above. She also does not contest that she took and carried away more than $1,000 in funds from the WSFS Bank that were obtained in the manner described above.

5. The Defendant agrees to make restitution to WSFS Bank in the amount of $20,190.

6. The Defendant shall consent to any regulatory action taken by a Federal financial institution regulatory agency to prohibit the defendant from participating, whether as an institution-affiliated party or otherwise, in the conduct of the affairs of any insured depository institution or depository institution holding company, or any other organization or entity provided in Section 8(e) of the Federal Deposit Insurance Act, 12 U.S.C. § 1818(e).

7. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, the Government will not oppose a two-point reduction in the Offense Level for the defendant's affirmative acceptance of responsibility, pursuant to Sentencing Guideline Section 3E1.1.

8. The defendant understands that at sentencing, the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to Title 18, United States Code, Section 3553(a). The defendant further understands that the Government will likely recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant recognizes that the final determination of the defendant's sentence will be made by the Court. The defendant further understands that the Court is not bound by any stipulations or recommendations of the parties. The defendant agrees that she will not be allowed to withdraw her guilty plea because the Court calculates the guidelines differently than she expects, or imposes a sentence greater than what she expects, or imposes a sentence contrary to any stipulation of the parties or recommendation of her attorney.

9. The defendant agrees to pay the special assessment of $100.00 at the time of sentencing.

10. If the Court sentences the defendant to a term of incarceration and orders the payment of any special assessment or fine as part of the defendant's sentence but the Defendant is unable to pay the full amount of the special assessment or fine at the time of sentencing, the Defendant agrees voluntarily to enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

11. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

12. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in a written agreement executed by all the undersigned parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever unless committed to writing in the manner so provided in this paragraph.

COLM F. CONNOLLY
United States Attorney

_____        By: _____
Eleni Kousoulis, Esquire                    Christopher J. Burke
Attorney for Defendant                      Assistant United States Attorney

_____
JoAnn T. Davis
Defendant

Dated: _____, 2006

* * *

      **AND NOW** this _____ day of _____, 2006, the foregoing

Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court.

_____
THE HONORABLE GREGORY M. SLEET
UNITED STATES DISTRICT JUDGE
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. 06-24-GMS |
| ) | |
| JOANN T. DAVIS, ) | |
| ) | |
| Defendant. ) | |

## INFORMATION

The United States Attorney for the District of Delaware charges that:

### COUNT ONE

On or about the time period between January 2001 and December 2002, in the State and District of Delaware, the defendant, JoAnn T. Davis, did take and carry away, with intent to steal and purloin, money exceeding $1,000, which belonged to and was in the care, custody and control of WSFS Bank, a bank whose deposits were then insured by the Federal Deposit Insurance Corporation, in violation of Title 18, United States Code, Section 2113(b).

COLM F. CONNOLLY
United States Attorney

BY: _____
Christopher J. Burke
Assistant United States Attorney

Date: _____, 2006

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. 06-24-GMS |
| ) | |
| JOANN T. DAVIS, ) | |
| ) | |
| Defendant. ) | |

## WAIVER OF INDICTMENT

1. JoAnn T. Davis, the above named defendant, who is accused of violating Title 18, United States Code, Section 2113(b), being advised of the nature of the charge and of her rights, hereby knowingly, voluntarily and intelligently waives prosecution by Indictment and consents that the proceeding may be by Information instead of by Indictment.

2. The defendant understands that (a) unless she waives Indictment, she could not be charged with violating Title 18, United States Code, Section 2113(b), unless the Grand Jury found probable cause to believe she committed this offense and returned an Indictment; (b) the Grand Jury is composed of at least sixteen, but not more than twenty-three lay persons, and at least twelve of those Grand Jurors must find probable cause to believe that the defendant committed the offense before an Indictment could be returned; and (c) by waiving Indictment, the Government will be proceeding by a document written by the United States Attorney and called an Information and the defendant will be prosecuted on that Information, rather than on an Indictment.

3. The defendant has read and reviewed with her counsel the charges in the Information, and is satisfied that her counsel has properly explained the charges and this Waiver to her.

4. No one has made the defendant any promises or threatened or forced the defendant to waive Indictment.

Date: _____ _____, 2006        _____
                                          JoAnn T. Davis, Defendant

Date: _____ _____, 2006        _____
                                          Eleni Kousoulis, Esquire
                                          Counsel for Defendant