## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Criminal Action No. 06-24-GMS |
| | ) | |
| JOANN T. DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its

attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and

Christopher J. Burke, Assistant United States Attorney, and the defendant, JoAnn T. Davis, by

and through her attorney, Eleni Kousoulis, Esquire, the following agreement is hereby entered

into by the respective parties:

1.    The defendant agrees to plead guilty to Count One of an Information, which charges

the defendant with theft of bank funds, in violation of Title 18, United States Code, Section

2113(b).  The defendant agrees to waive indictment by a Grand Jury with respect to the offense

charged in Count One of the Information.  Count One carries a maximum sentence of a term of

imprisonment of 10 years, a $250,000 fine, or both, three years supervised release, and a $100

special assessment.

2.    The essential elements of the offense charged in Count One of the Information,

each of which the Government would have to prove beyond a reasonable doubt at trial, are: (i)

the defendant took and carried away money exceeding $1,000, in this case money that belonged

to WSFS Bank and to C.M., a customer of WSFS Bank; (ii) the money taken by the defendant

belonged to and was in the care, custody and control of a bank, in this case, WSFS Bank; (iii) the

Defendant acted with the intent to steal and purloin the money, and (iv) the deposits of WSFS

Bank were then insured by the Federal Deposit Insurance Corporation.

3.    The United States agrees to dismiss the Indictment in this case.

4.    The defendant knowingly, voluntarily, and intelligently admits that in the time

period from January 2001 through December 2002, in the State of Delaware, she knowingly

transferred funds from WSFS Bank general ledger accounts, by falsely indicating that the funds

were to reimburse customers for insufficient funds charges and other bank charges. The

defendant admits that she transferred these funds to the WSFS bank accounts of friends and

relatives and then either left these funds in the friends and relatives' accounts or subsequently

transferred the funds into her own WSFS Bank accounts for her own personal use. She admits

that the total amount stolen pursuant to this scheme was $24,559.50. In addition, the Defendant

knowingly, voluntarily, and intelligently admits that in October 2001 and December 2001, in the

State of Delaware, she knowingly removed funds from the CD accounts of C.M., a WSFS bank

customer, and then transferred those funds into her own WSFS Bank accounts for her own

personal use. She admits that the total amount stolen pursuant to this scheme was $9,537.62.

The defendant does not contest that the deposits of WSFS Bank were insured by the FDIC during

the time periods discussed above. She also does not contest that she took and carried away more

than $1,000 in funds from the WSFS Bank that were obtained in the manner described above.

5.    The Defendant agrees to make restitution to WSFS Bank in the amount of

$20,190.

-2-

6.     The Defendant shall consent to any regulatory action taken by a Federal financial institution regulatory agency to prohibit the defendant from participating, whether as an institution-affiliated party or otherwise, in the conduct of the affairs of any insured depository institution or depository institution holding company, or any other organization or entity provided in Section 8(e) of the Federal Deposit Insurance Act, 12 U.S.C. § 1818(e).

7.     Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, the Government will not oppose a two-point reduction in the Offense Level for the defendant's affirmative acceptance of responsibility, pursuant to Sentencing Guideline Section 3E1.1.

8.     The defendant understands that at sentencing, the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to Title 18, United States Code, Section 3553(a).  The defendant further understands that the Government will likely recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines.  The defendant recognizes that the final determination of the defendant's sentence will be made by the Court. The defendant further understands that the Court is not bound by any stipulations or recommendations of the parties.  The defendant agrees that she will not be allowed to withdraw her guilty plea because the Court calculates the guidelines differently than she expects, or imposes a sentence greater than what she expects, or imposes a sentence contrary to any stipulation of the parties or recommendation of her attorney.

-3-

9.      The defendant agrees to pay the special assessment of $100.00 at the time of sentencing.

10.     If the Court sentences the defendant to a term of incarceration and orders the payment of any special assessment or fine as part of the defendant's sentence but the Defendant is unable to pay the full amount of the special assessment or fine at the time of sentencing, the Defendant agrees voluntarily to enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

11.     The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

12.     It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in a written agreement executed by all the undersigned parties; and that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever unless committed to writing in the manner so provided in this paragraph.

COLM F. CONNOLLY
United States Attorney


Eleni Kousoulis                             By:    Christopher J. Burke
Eleni Kousoulis, Esquire                           Christopher J. Burke
Attorney for Defendant                             Assistant United States Attorney

JoAnn T. Davis
Defendant

Dated: _____11|7_____, 2006

* * *

**AND NOW** this _7th_ day of _____Nov._____, 2006, the foregoing

Memorandum of Plea Agreement is hereby (accepted) (rejected) by the Court.

THE HONORABLE GREGORY M. SLEET
UNITED STATES DISTRICT JUDGE
DISTRICT OF DELAWARE

**FILED**

NOV - 7 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE